Jared Allebest, #13485 (UT) #034640 (AZ) #325086 (CA)
Allebest Law Group PLLC
Attorney for Plaintiffs
212 East Crossroads Blvd #207
Saratoga Springs, UT 84045
Cell: (949) 322-3991
Videophone: (801) 204-9055
Email: Jared@Allebest.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SALVATORE DIGANCI, an individual and ROES I-X<br><br>Plaintiffs,<br><br>vs.<br><br>USA RAIL LOGISTICS LLC, a corporation, UNITED SPECIALTY AUTOMOTIVE LLC, a corporation, and ROES I-X.<br><br>Defendants. | SECOND AMENDED COMPLAINT<br><br>Civil No. 2:23-cv-00611-TS<br><br>Judge Ted Stewart<br><br>Jury Trial Requested |

SALVATORE DIGANCI (hereinafter "Mr. Diganci"), by and through his attorney JARED M. ALLEBEST of the Allebest Law Group PLLC, hereby submit the following:

**PRELIMINARY STATEMENT**

1. Mr. Diganci, the Plaintiff, is an individual who is Deaf, and is bilingual in English and American Sign Language (ASL). He does not use hearing aids, cochlear implants, or other similar personal amplification devices. On one or more occasions, the Defendant(s) discriminated against the Plaintiff by refusing to hire him by reason of his disability of being Deaf and for refusing to provide him with effective communication when he made a written request for an ASL interpreter to attend a job interview with the

Defendant(s).

2. Mr. Diganci is a qualified individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such an individual holds or desires. 42 U.S.C. § 12111(8).

3. USA Rail Logistics LLC is a covered entity who is an employer that is engaged in an industry affecting commerce who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, 42 U.S.C. § 12111 (5)(A).

4. United Specialty Automotive LLC is a covered entity who is an employer that is engaged in an industry affecting commerce who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, 42 U.S.C. § 12111 (5)(A).

5. A covered entity shall not discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112 (a) "Discrimination"

6. As a result, a covered entity cannot refuse "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112 (5)(A). It also means that a denial of "employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to

make reasonable accommodation to the physical or mental impairments of the employee or applicant" may also be a basis for discrimination. 42 U.S.C. § 12112 (5)(B).

7. The ADA recognizes that ASL interpreters are auxiliary aids and services that a covered entity must provide to their employees when requested or offered to the employee. The term "auxiliary aids and services" means "qualified interpreters or other effective methods of making aurally delivered materials available to individuals with hearing impairments; qualified readers, taped texts, or other effective methods of making visually delivered materials available to individuals with visual impairments; acquisition or modification of equipment or devices; and other similar services and actions." 42 U.S.C. § 12103(1)(A-D).

8. Although ASL interpreters are not defined under Title I of the ADA, they are defined under Title II and III. A qualified interpreter means an "interpreter who, via a video remote interpreting (VRI) service or an on-site appearance, is able to interpret effectively, accurately, and impartially, both receptively and expressively, using any necessary specialized vocabulary. Qualified interpreters include, for example, sign language interpreters, oral transliterators, and cued-language transliterators."[1]

9. Although there is no prohibition on requiring an individual with a disability to bring another individual or minor child to interpret for that person under Title I of the ADA, it is forbidden under Title II and III.[2]

10. It is important to point out that the ADA does not require the ASL interpreter to be licensed and certified. It just requires them to be "qualified." Utah has recently

---

[1] 28 C.F.R. § 35.104 (Title II), 28 C.F.R. § 36.104 (Title III).

[2] 28 C.F.R. § 35.160(c)(1-3) (Title II), 28 C.F.R. § 36.303(2-4) (Title III).

passed a law requiring that qualified ASL interpreters must also be licensed and certified. Utah recently passed HB371 which amended Title 53A, Chapter 26a to now require interpreters to obtain state certification as American Sign Language-trained interpreters and that anyone who interprets in the state of Utah without being certified is charged with a Class B Misdemeanor.

11. As a result of the passage of HB371, Utah Administrative Code Rule R746-510-2, defines a "Certified Interpreter" to mean a "person who is certified as meeting the certification requirements" of the "Interpreter Services for the Hearing Impaired Act."

12. The Plaintiff was discriminated by reason of his disability of being Deaf and suffered adverse employment actions by not being hired for the job he applied for on the basis of unfounded fears or generalizations about individuals who are Deaf. An employer cannot refuse to hire a person with a disability because of a slightly increased risk or because of fears that there might be a significant risk sometime in the future. The determination must be individualized to the disabled applicant and not generalized to the disability that the potential employee has.[3]

13. Studies show that it is hard for Deaf people to find employment. "The employment gap between deaf and hearing people in the United States is a significant area of concern. In 2014, only 48% of deaf people were employed, compared to 72% of hearing people. Among people in the labor force, deaf people were as likely to work full time as their hearing peers. This suggests that once deaf people obtain employment,

---

[3] See *Sutton v. United Air Lines, Inc*. 527 US 471 (1999), *Murphy v. United Parcel Service, Inc*. 527 US 516 (1999), *Sprague v. United Air Lines* Civil Action No. 97-12102-GAO (D. Mass. Aug. 7, 2002)

they are just as likely to work full time as their hearing peers."[4]

14. The basis for passing the Americans with Disabilities Act was because Congress found that physical or mental disabilities do not "diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination" and that historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem." 42 U.S.C. § 12101(a)(1-2)

15. As a result, "discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services" and "that unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination" 42 U.S.C. § 12101(a)(3-4)

16. Thus, "individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and

---

[4] Garberoglio, C.L., Cawthon, S., & Bond, M. (2016). Deaf People and Employment in the United States: 2016. Washington, DC: U.S. Department of Education, Office of Special Education Programs, National Deaf Center on Postsecondary Outcomes.
https://www.nationaldeafcenter.org/sites/default/files/resources/Deaf%20Employment%20Report_final.pdf. Accessed on April 12, 2018.

policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities" and that "census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally." 42 U.S.C. § 12101(a)(5-6)

17. Based on the above facts, Congress saw that the "Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals" and "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity." 42 U.S.C. § 12101(a)(5-6)

## JURISDICTION AND VENUE

18. This action arises under the law of the United States, including Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. 1343(a)(3), as well as 42 U.S.C. § 12188(a) and 29 U.S.C. § 794a and 42 U.S.C. § 1983 for claims arising under color of law.

19. Venue of this action is appropriate in the United States District Court for the District of Utah, Central Division, pursuant to 28 U.S.C. § 1391(b) and (c) as the claim arose in such district and, further, as the Defendant(s) conduct business in such

district.

20. This Court also has jurisdiction over Mr. Diganci's state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear state law claims under 28 U.S.C. § 1367(a). Both the federal and state claims alleged herein arose under a common nucleus of operative facts, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

## PROCEDURAL REQUIREMENTS

21. Mr. Diganci filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on December 8th, 2022, in which he alleged the statutory violations asserted herein. (See Exhibit # 1).

22. The EEOC issued a Dismissal and Notice of Rights on February 6, 2023, it informed the Plaintiff that "he may file a lawsuit against the Respondent(s) under the federal law based on this charge in federal or state court" and that the "lawsuit must be filed within 90 days of your receipt of this notice." (See Exhibit #2). The Plaintiff received the notice on February 6th, 2023 via electronic notification from the EEOC.

23. SALVATORE DIGANCI has filed this complaint before the 90-day deadline since the Notice of Rights was emailed to the Plaintiff and/or his attorney on February 6, 2023. The 90 day deadline is May 7th, 2023. .

## THE PARTIES

24. SALVATORE DIGANCI, the Plaintiff, is an individual who is Deaf and communicates via American Sign Language.

25. USA RAIL LOGISTICS LLC is a company involved in the railroad industry

and has several locations across the United States. One of its offices is located at 2765 South 850 West, South Salt Lake, Utah. 84119. Its corporate headquarters is located at 403 South Jim Wright Freeway #185 Fort Worth, Texas 76108. The mailing address for management for the Defendant(s) is PO Box 150340 Fort Worth, Texas 76108 USA. There is an alternative address for the Defendant(s) is 403 South Jim Wright Freeway #105, Fort Worth, TX 76108.

26. United Specialty Automotive LLC is a Specialized Freight Trucking company. One of its offices is located at 2765 South 850 West, South Salt Lake, Utah. 84119. Its corporate headquarters is located at 403 South Jim Wright Freeway #185 Fort Worth, Texas 76108. The mailing address for management for the Defendant(s) is PO Box 150340 Fort Worth, Texas 76108 USA. There is an alternative address for the Defendant(s) is 403 South Jim Wright Freeway #105, Fort Worth, TX 76108.

## FACTS

27. The Plaintiff applied for the position of Rail Loader posted on Indeed.com[5] (See Exhibit #3) on May 31st, 2022.

---

[5] "RAIL UNLOADER-USA RAIL, SALT LAKE CITY" Indeed.com
https://www.indeed.com/viewjob?t=rail+unloader+usa+rail+salt+lake+city&jk=8fe26354b9b83440&vjs=3.
Accessed on April 17, 2023



28. A recruiter for Defendant USA Rail Logistics LLC, Lenora Winslett, contacted the Plaintiff to schedule an intake interview for May 31, 2022, to see if he could do an interview at 10 AM on Friday June 3rd, 2022. (See Exhibit #4).



29. The Plaintiff and Ms. Winslett quickly agreed to talk by text message and the Plaintiff requested to the interview by Zoom and that they provide an ASL interpreter for the job interview. (See Exhibit #5 and #6 below). During that text discussion, Ms. Winslett, the recruiter, told the Plaintiff that they needed to hire someone within three days but that they would need to reschedule the interview in order to find an ASL interpreter.



USA RAIL

**You** · 8:06 AM
I did texted you. Does it work?

**You** · 8:08 AM
I am in cedar city. Can we do zoom for interview than in person?

**Lenora Winslett** · 8:16 AM

I'm sorry, I must have missed the text. However, will you be able to come in at that time?

~WRD0157.jpg

image002.jpg

**Lenora Winslett** · 8:18 AM
No zoom available

~WRD0730.jpg

image002.jpg

11



**(281) 638-2355**
Mobile

5/31/22 4:45 PM

Hello, my name is Salvatore Di Ganci, just call me Salvo. I texted you for reason interview on rail unloader. I am in cedar city. Will relocation to SLC once I will get job. I wonder if you can do zoom meeting for interview than do in person. I'm tired to driving to SLC for interview everytime. It easier to do interview on zoom while I'm cedar city. Thank you and text me soon.

5/31/22 4:58 PM

Any day Mon to Fri. From 10p.m. to 12 p.m. hope to do on zoom for interview while I'm cedar city. Thank you.

6/7/22 12:33 PM

Hello? I'm waiting for reschedule for interview from your confirmation for request asl Interpreter. Check your message on indeed. You were aware of Ada law. But on indeed from your post said job was expired, hmm?

6/7/22 12:40 PM

Sir. We were actively interviewing at the time you expressed interest. Job posting did state that we were in the market to hire within 3 days. We hired what is needed at the time as of end of business 6.2.22.

Type a message...

30. The Plaintiff did not hear back from the Defendant followed up with Ms. Ms. Winslett on June 7th, 2023, who informed the Plaintiff that they had hired someone on June 2nd, 2022. (See Exhibit #7).



31. However, the Defendant continued solicit applications for the position of Rail Unloader online.[6] (See Exhibit #8).



## FIRST CAUSE OF ACTION

## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12111 et seq.
### (Against Defendant(s))

32. Plaintiff incorporates by reference the allegations of paragraphs 1 through 31 above.

33. Plaintiff is an individual with a disability because he is substantially limited in

---

[6] "RAIL UNLOADER-USA RAIL, SALT LAKE CITY." Salary.com. https://www.salary.com/job/usa-rail/rail-unloader-usa-rail-salt-lake-city/j202202082133310842494. Posted on February 10, 2022. Accessed on April 17th, 2023.

the major life activities of, hearing, speaking, and communicating. See 42 U.S.C. § 12102 (2)(A).

34. At all times relevant, Mr. Diganci was able to perform the essential functions of a Rail Unloader and was qualified to work as an employee for the Defendant(s).

35. Defendant(s) USA Rail Logistics LLC and/or United Specialty Automotive LLC are employers within the meaning of the act. Upon information and belief, the Defendant(s) have more than fifteen (15) employees.

36. The Defendant(s) subjected the Plaintiff to disparate treatment and failed to provide reasonable accommodation for his disability by not providing effective communication with the Plaintiff as a reasonable accommodation request made by the Plaintiff.

37. The Plaintiff was discriminated by reason of his disability of being Deaf and suffered adverse employment action when the Defendant(s) disregarded his reasonable accommodation request for an ASL interpreter for a job interview.

38. The Defendant(s) cannot discriminate against the Plaintiff on the basis of unfounded fears or generalizations about individuals who are Deaf. An employer cannot discriminate against an individual with a disability because of a slightly increased risk or because of fears that there might be a significant risk sometime in the future. Any determination about the disabled employee must be individualized to the disabled employee and not generalized to the disability that the potential employee has.

39. Defendant(s) engaged in intentional discrimination, with malice, reckless indifference, and deliberate indifference.

40. The Plaintiff was injured as the result of Defendant(s)'s conduct. He

experienced severe emotional distress, a loss of income because he was denied employment on the basis of his disability, had to spend extra time and money to find employment elsewhere, was forced to hire an attorney to seek a resolution in this matter, as well as and other damages.

41. The Plaintiffs have been forced to engage the services of an attorney. Therefore, he is entitled to an award of the attorney's fees and costs.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court provide the following relief, inter alia, as permitted by law:

(a) A declaration that Defendant(s)'s policies, procedures, and practices have subjected Plaintiff to discrimination in violation of Title I of the Americans with Disabilities Act;

(b) Compensatory damages;

(c) Equitable relief;

(d) Punitive damages;

(e) Reasonable attorneys' fees and costs;

(f) All other necessary and appropriate relief at law and equity deemed appropriate by the Court.

## JURY DEMAND

Plaintiff through his undersigned attorneys, hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

DATED this this 7th day of September 2023.

<u>/s/: Jared Allebest</u>

Jared Allebest,
#13485 (UT), #034640 (AZ), #325086 (CA)
Allebest Law Group
Attorney for Plaintiffs

**ATTORNEY CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2023, I have made service of the foregoing on the party/ies listed below via Certified First Class Mail and/or Electronically via USDC CM/ECF system.

Michael Judd
Attorney for the Defendant(s)
Parsons Behle & Latimer
201 South Main Street #1800
 Salt Lake City, UT 84111

DATED this 7th day of September 2023.

/s/ Jared Allebest
Allebest Law Group PLLC
Attorney for Plaintiff

Exhibit #1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC / FEPA | 540-2022-03615 |

| **Arizona Attorney General's Office, Civil Rights Division** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Salvatore Diganci | (951) 229-0628 | |

| Street Address |
|---|
| 1849 Freedom Blvd 200 Bld 9R, Apt 136 |
| Provo, UT 84604 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| USA Rail - Salt Lake City | 501+ Employees | (801) 893-8106 |

| Street Address |
|---|
| 2765 S. 850 W. |
| South Salt Lake, UT 84119 |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest | Latest |
| Disability | 05/31/2022 | 06/02/2022 |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I, Salvatore Diganci, applied for a position online with the above company. The position was for loading train cars. I applied for the position on May 31, 2022, through Indeed.com. I was contacted by a recruiter and asked if I could interview on June 3, 2022. I advised the recruiter of my need for a sign language interpreter for my disability. I was told the employer was looking to hire someone within three days but that they would find an interpreter and reschedule. I did not hear anything more and followed up the following week and was told they had hired someone on June 2, 2022. I believe I was denied a Reasonable Accommodation and not Hired because of my disability in violation of the Americans with Disabilities Act of 1990 as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Salvatore Diganci** 12/08/2022 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |
| *Charging Party Signature* | |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Exhibit #2

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0002
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 02/06/2023

**To:** Salvatore Diganci
1849 Freedom Blvd 200 Bld 9R, Apt 136
Provo, UT 84604
Charge No: 540-2022-03615

EEOC Representative and email:   MARISOL BINGOCHEA
Supervisor
marisol.bingochea@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 540-2022-03615.

On behalf of the Commission,

Melinda Caraballo for
Nancy Sienko
Acting District Director

**Cc:**
Director Human Resources
USA Rail - Salt Lake City
2765 S. 850 W.
South Salt Lake, UT 84119

Jared Allebest
Allebest Law Group PLLC
212 E. Crossroads Blvd., #207
Saratoga Springs, UT 84045


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 540-2022-03615 to the District Director at Melinda Caraballo, 3300 North Central Avenue Suite 690

Phoenix, AZ 85012.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

Enclosure with EEOC Notice of Closure and Rights (01/22)

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# Exhibit #3



# Exhibit #4



# Exhibit #5



Exhibit #6



**(281) 638-2355**
Mobile

5/31/22 4:45 PM

Hello, my name is Salvatore Di Ganci, just call me Salvo. I texted you for reason interview on rail unloader. I am in cedar city. Will relocation to SLC once I will get job. I wonder if you can do zoom meeting for interview than do in person. I'm tired to driving to SLC for interview everytime. It easier to do interview on zoom while I'm cedar city. Thank you and text me soon.

5/31/22 4:58 PM

Any day Mon to Fri. From 10p.m. to 12 p.m. hope to do on zoom for interview while I'm cedar city. Thank you.

6/7/22 12:33 PM

Hello? I'm waiting for reschedule for interview from your confirmation for request asl Interpreter. Check your message on indeed. You were aware of Ada law. But on indeed from your post said job was expired, hmm?

6/7/22 12:40 PM

Sir. We were actively interviewing at the time you expressed interest. Job posting did state that we were in the market to hire within 3 days. We hired what is needed at the time as of end of business 6.2.22.

27

# Exhibit #7



request asl Interpreter. Check your message on indeed. You were awar Ada law. But on indeed from your post said job was expired, hmm?

6/7/22 12:40 PM

Sir. We were actively interviewing at the time you expressed interest. Job posting did state that we were in the market to hire within 3 days. We hired what is needed at the time as of end of business 6.2.22.

6/7/22 1:04 PM

Doesn't matter. You must provide asl Interpreter under Ada law and EEOC. Doesn't matter what time limit once you posted job and I applied immediately and request asl Interpreter as you know what to do. You can't cancel or ignore my interview once you messaged me for interview and I said yes and willing to drive long to for interview and she said will get one and haven't been heard since from indeed message chat.

Delivered

Type a message...

29

# Exhibit #8

